Chief Justice Robertson
delivered the Opinion of the Court.
Givens, who owned three lots in the town of Bedford, agreed with Peake, by a mutual covenant, that they would build, by their joint labor and contributions, a brick-house, on one of the lots; and that Peake should have a title to one half of the house and of the three lots, in consideration of the building of the house, and his contributing to its completion, two hundred and fifty dollars more than a moiety of the total cost.
After the House had been built, Peake sued Givens upon the covenant, for damages for failing to comply with his part of the contract. Various breaches, in failing to make proper contribution, were assigned, and a refusal to “let Pealre have one half of the lots,” was also alleged as a breach.
Peake recovered a judgment for seventy eight dollars ; and then filed a bill in chancery, for a specific execution of the contract for one half of the lots.
in. chancery, of bjrformerdecis-ion, is by an-Proper mode,
Givens did not answer the bill, but pleaded the judgment in bar of any relief. Peake replied, that there was no proof, or trial, as to the covenant for one moiety of the lots ; and that the judgment for damages was obtained solely for the delinquency of Givens in not. making his proportion of contribution to the building of the house. A demurrer to that replication was overruled; and by the agreement of the parties entered on the record, this writ of error is prosecuted to ascertain the correctness of that decision.
An inspection of the record of the judgment,will leave no room to doubt, that no damages were assessed for a non-conveyance. An’affidavit filed by Givens, on a motion for a new trial, is itself satisfactory upon that point. An answer to the bill, would have been the more appropriate mode of asserting the alleged bar. If, in an answer verified by oath, Givens had alleged, that Peake [iac[ recovered damages for the non-conveyance, or that the jury had considered that matter, it would have been incumbent on Peake to have satisfactorily shewn the contrary. But if no such allegation had been made in the answer,, the fact that the declaration contained a breach for not conveying, would not have been regarded. But the demurrer to the replication virtually admits that damages were not assessed on that breach, and that there Was, -in fact, no trial upon it-.
As, therefore, the record shews clearly that damages were recovered only for Givens’ failure to contribute his proportion of the cost of building the house, the judgment in the action of covenant should not bar Peake of his equitable right to one half of the house and the lots. This conclusion is not inconsistent with the record of the action at law, or with any necessary deduction from it, but. is sustained by the facts in that record, and fortified by the demurrer to the replication.
Wherefore, the decree of the circuit court is approved and affirmed.