## Black *versus* Tricker.

In ejectment the general-issue plea is Not Guilty, and under it, *coverture* or any other available defence may be taken.

ERROR to the Court of Common Pleas of *Bedford county*.

This was an action of ejectment, commenced August 14th 1865, by John Black, Michael McCulloch and John McDermott, against Catharine Tricker.

The plaintiffs held a judgment against George Tricker, the husband of defendant, under which they levied on a house and lots, which were sold to them by the sheriff, and for the possession of which this ejectment was brought. After its commencement, a rule was taken " on the defendant to file an abstract of her title and a specification of special facts and equitable matter which she intends to rely upon. November 27th 1865, defendant files her abstract, &c., want of title in plaintiffs," &c.

The plaintiffs having proved the sale by the sheriff to them as

[Black v. Tricker.]

above stated, and that defendant was the wife of George Tricker, rested. Two of plaintiff's points were:—

1. That the plaintiffs, having shown a sheriff's deed of the title of George Tricker to themselves for the land in dispute, are entitled to recover against the defendant in the original judgment, and all who held under him, without showing any other title, and that the present defendant holds under George Tricker, the defendant in the judgment upon which the sale was made.

2. That the plaintiffs are entitled to recover as against the wife, and she cannot set up coverture as a defence under the circumstances of this case, because if coverture was a defence she was bound to plead it in abatement.

The court (King, P. J.) charged:—

"The evidence in this case on the part of the plaintiffs discloses the fact that the defendant is a married woman, with a husband in full life, and we therefore instruct you that the action cannot be maintained. They could not recover unless they had shown that the defendant came into possession of the property in dispute under George Tricker, as whose property it was sold by the sheriff. In attempting to do this they prove that the defendant was Tricker's wife, and this fact defeats their action, as a married woman cannot be sued alone. If we are correct in this position, it necessarily follows that the points submitted by plaintiff's counsel cannot be affirmed."

The verdict being for the defendant, this was the error assigned.

*Russell* and *Kimmell*, for plaintiffs in error, cited Milner *v.* Milner, 3 T. R. 627 ; Campbell *v.* Galbreath, 5 Watts 428 ; Zeigler *v.* Fisher, 3 Barr 365.

*Petriken* and *Cessna*, for defendant in error, cited Williams and Wife *v.* Coward and Wife, 2 Phila. R. 28 ; Nutz *v.* Reuter, 1 Watts 229 ; Mahon *v.* Gormly, 12 Harris 80 ; Barncord *v.* Kuhn, 12 Casey 383 ; 4 McCord 429 ; 2 Bac. Abr. 62, *Baron and Feme;* 1 Archb. Pr. 239 ; 2 New Rep. 405 ; Archb. Civil Read. 58–59 ; Gallagher *v.* McNutt, 3 S. & R. 409 ; Act of 1807, Purd. ed. 1861, p. 366, § 15 ; Campbell *v.* Galbreath, 1 Watts 76 ; s. c. 5 Id. 428 ; Cooper *v.* Smith, 8 Watts 536 ; Zeigler *v.* Fisher, 3 Barr 367 ; Patterson *v.* Brindle, 9 Watts 98 ; 1 Bac. Abr. 9, *Abatement,* D. ; Leftwick *v.* Berkely, 1 H. & M. 61 ; Saunders *v.* Wood, 1 Munf. 406 ; Cook *v.* Berkeley, 3 Call 378 ; Harwood *v.* Roberts, 5 Greenl. 441 ; Newman *v.* Graham, 3 Munf. 187 ; Milner *v.* Milner, 3 T. R. 627 ; Morgan *v.* Painter, 6 Id. 265 ; Marshall *v.* Rutton, 8 Id. 545.

The opinion of the court was delivered, June 1st 1866, by AGNEW, J.—The charge of the learned judge in the court

[Black *v.* Tricker.]

below covers the case, and we perceive no error in it.    Let it be
supposed, as said by Justice Rogers in Zeigler *v.* Fisher, 3 Barr
367, that there *may* be still a plea in abatement or something
tantamount in case of extraordinary emergency, and by Ken-
nedy, J., in Campbell *v.* Galbreath, 5 Watts 423, yet it does not
follow that there *must* be.    By the 4th section of the Act of 13th
April 1807, it is enacted that "the plea in ejectment shall be
⎯Not Guilty."    It has always been held that any available defence
may be taken under this plea; while, indeed, some have thought
no other plea can be pleaded in the face of the statute.    What-
ever may be the common-law rule in other actions, in ejectment
"not guilty" is the general-issue plea; and we are of opinion
coverture may be given in evidence under it.

Judgment affirmed.