## Rosenberg, Appellant, v. Mencke.

*Ejectment—Equitable ejectment—Conclusiveness of first judgment—Bankruptcy.*

A judgment in ejectment recovered by a trustee in bankruptcy against the wife of the bankrupt who had bought the property in controversy with money furnished by her husband when insolvent, is a judgment in an equitable ejectment, and conclusively bars a second action of ejectment by the wife of the bankrupt against the trustee in bankruptcy. If such second ejectment is brought the writ will be quashed.

Argued Feb. 8, 1904. Appeal, No. 109, Jan. T., 1903, by plaintiff, from order of C. P. Chester Co., April T., 1903, No. 16, quashing writ of ejectment in case of Lillie Rosenberg v. John B. Mencke, Trustee. Before MITCHELL, C. J., DEAN, FELL, MESTREZAT and THOMPSON, JJ. Affirmed.

Ejectment for land in the borough of West Chester, New London township and borough of Downingtown.

Rule to quash writ of ejectment.

The grounds for the rule were as follows:

" 1. The records of the court, of which the court will take judicial notice, show that the writ claims the recovery of the same lands for which verdict of the court was rendered in the case of John B. Mencke, trustee in bankruptcy of, Emanuel Rosenberg, v. Lillie Rosenberg, No. 62, January term, 1901, in favor of the said John B. Mencke, trustee, at April term, 1902, judgment entered thereon July 15, 1902, in Judgment Docket E 3, page 290, from which the present plaintiff appealed to the Supreme Court, August 5, 1902, and suffered a final judgment of non pros. thereon, February 9, 1903.

" 2. The Act of May 8, 1901, P. L. 142, provides that such verdict and judgment shall be final and conclusive, and bar the writ.

" 3. The records of the court below show that said action and recovery of judgment in No. 62, January term, 1901, was upon an equitable title and a substitute for a bill in equity between the same parties in said court, which would be a bar to further actions in ejectment between them for the same property, notwithstanding the said act of May 8, 1901."

The parties agreed, inter alia, upon the following facts :

" That John B. Mencke became trustee of Emanuel Rosenberg under voluntary proceedings in bankruptcy under the United States bankrupt act, in which proceedings Emanuel Rosenberg was adjudicated a bankrupt on November 24, 1899, and at the time of his appointment as trustee, January 9, 1900, Lillie Rosenberg had received a sheriff's deed, dated November 2, 1899, for the premises in dispute.

" Upon the trial of the action of ejectment above mentioned, Mencke, as trustee, alleged, and the jury found, that the money with which Lillie Rosenberg had purchased the judgment then existing against her husband, and upon which the real estate was sold, was not her money, and that at the time of the assignment of the judgment to Lillie Rosenberg, her husband was insolvent."

The court made absolute the rule to quash the writ.

*Error assigned* was the order of the court.

*J. Frank E. Hause,* with him *W. W. MacElree,* for appellant.—An equitable title is one that arises at the time of the transfer from the grantor to the grantee, and results from either an express or implied agreement on the part of the person taking the title with the person from whom the title has been obtained, or for whose benefit it may have been obtained : Schive v. Fausold, 137 Pa. 82 ; Baker- v. Bailey, 204 Pa. 524 ; Budd v. Finley, 151 Pa. 540 ; Winpenny v. Winpenny, 92 Pa. 440.

The first action was possessory, and was based upon a legal title vested in Mrs. Rosenberg by the sheriff's deed, and equity was without jurisdiction : Peterman v. Huling, 31 Pa. 432 ; Taylor v. Abbott, 41 Pa. 352 ; Winpenny v. Winpenny, 92 Pa. 440.

Where a conveyance has been made in fraud of creditors, the proper course for the defrauded creditors to pursue is, to reduce their claims to judgment, sell the title, procure a deed and bring an action of ejectment based thereon : Stewart v. Coder, 11 Pa. 90 ; Zuver v. Clark, 104 Pa. 222 ; Girard Nat, Bank's App., 13 W. N. C. 101.

*George B. Johnson,* for appellee.—The first ejectment was

equitable in character: Wood v. Strother, 76 Cal. 545 (18 Pac. Repr. 766); Mattoon v. Munroe, 21 Hun (N. Y.), 74; Church v. Ruland, 64 Pa. 441; Lehr v. Beaver, 8 W. & S. 102; Aycinena v. Peries, 6 S. & W. 243; Biddle v. Moore, 3 Pa. 161; Corson v. Mulvany, 49 Pa. 88; Brawdy v. Brawdy, 7 Pa. 157; Taylor v. Abbott, 41 Pa. 352; Peterman v. Huling, 31 Pa. 432; Peebles v. Reading, 8 S. & R. 484; Seitzinger v. Ridgway, 9 Watts, 496; Amick v. Oyler, 25 Pa. 506; Coughanour v. Bloodgood, 27 Pa. 285; Bolin v. Connelly, 73 Pa. 336; Schive v. Fausold, 137 Pa. 82; German-American Title & Trust Co. v. Shallcross, 147 Pa. 485.

OPINION BY MR. JUSTICE THOMPSON, March 7, 1904:

The present action of ejectment was brought by the appellant against the appellee, trustee in bankruptcy of Emanuel Rosenberg, husband of appellant. On December 16, 1895, Samuel P. Hannum held a judgment for $300 against Emanuel Rosenberg, the bankrupt, and on December 16, 1898, he assigned his judgment to the appellant, the wife of the bankrupt. Subsequently the real estate involved in this action was levied upon in proceedings under this judgment, sold by the sheriff and bought by the appellant. After her purchase her husband became a voluntary bankrupt and appellee was appointed a trustee for his creditors in the bankruptcy proceedings. As such trustee he recovered this real estate in an ejectment upon the ground that the sale and purchase by appellant was in fraud of the creditors of her husband, the bankrupt. The appellant then brought this second ejectment to recover the real estate in question, and the court below quashed the writ and this is assigned for error.

In the first action of ejectment the jury found that the appellant had bought the judgment, that her husband had furnished the money, that he was at the time insolvent, and that she then had knowledge of his insolvency. After the recovery by the appellee in the action of ejectment this second one for the same real estate was brought by the appellant, and it is manifest that if the recovery in the first action was based upon an equitable title it was conclusive.

As an ejectment is a substitute for a bill in equity, and as a decree there would operate to estop a denial of the title de-

creed, the logical conclusion would follow that a judgment in equitable ejectment would be also conclusive. In Nicolls v. McDonald, 101 Pa. 514, it is said by Mr. Justice MERCUR: " Although the action may be ejectment in form, yet in substance it is a bill in equity to compel a reconveyance of the land from the mortgagee in possession. Each form of action is subject to the same equitable principles. If the parol evidence is insufficient to move a chancellor to decree a reconveyance it is insufficient to justify a recovery in ejectment. In each case the judge administers equitable powers. It is in the discretion of a chancellor whether he will send an issue to the jury. When sent their province is to aid him in ascertaining the facts ; but their verdict is advisory only. It is not conclusive on him. He is still judge both of the equity and the facts. So on the trial of an action of ejectment, founded on an equitable title, it is the duty of the judge to consider and to weigh the facts for himself. They must be proved to his satisfaction as well as to the satisfaction of the jury. If he be of opinion that the evidence does not make out a case which would induce a chancellor to decree a conveyance it is his duty to give the jury binding instructions to that effect."

An equitable title is such by operation of equity or cognizable in equity, and when a legal title is the result of fraud the party guilty of the fraud is not entitled to hold the beneficial interest and becomes a trustee for the party who has been injured and such party may recover in ejectment.

In Church v. Ruland, 64 Pa. 441, Mr. Justice SHARSWOOD says: " It fastens upon the conscience of a party having thus procured a will and then fraudulently refusing or neglecting to fulfill the promise on the faith of which it was executed, a trust or confidence, which a court of equity will enforce by compelling a conveyance when the proper time for it has arrived ; and with us in Pennsylvania such a conveyance will be considered as having actually been made whenever it ought to have been made. The cestui que trust will be entitled to recover in ejectment against the trustee and all in privity with him."

A trust arising ex maleficio turns the holder of the legal title into a trustee, to recover which an ejectment will lie. The recovery in the first ejectment rested upon the ground that

the title of the appellant was based upon a fraud upon creditors, and that she held the real estate in question for the benefit of creditors, and the equitable title was thus clearly at issue in that ejectment. Under the National Bankruptcy Act of 1898, the beneficial interest in this estate became vested in the appellee as a trustee for the creditors of the bankrupt, and the first ejectment was to recover possession based upon such equitable title. It was a distinctive assertion of an equitable title, and if so the recovery in that action is conclusive: German-American Title and Trust Co. v. Shallcross, 147 Pa. 485.

The assignment of error that the court below erred in quashing the second writ is not sustained and the decree is affirmed.