## Bruner, Appellant, v. Finley.

*Ejectment—Quashing writ—Res adjudicata.*

An original writ can be quashed only when it is irregular, defective or improper.

Where a writ of ejectment in proper form has been duly served and an appearance entered for the defendant, the court cannot quash the writ on a rule to show cause resisted by plaintiff, and founded on the affidavit of one of the defendants which averred that in a former suit in equity between the same parties, or their predecessors in title, "the rights and title involved were identical with those involved in the present suit, and every such right and title so involved in said equity suit and in this ejectment suit was finally decided against the plaintiff herein by the Supreme Court."

The syllabus in Rosenberg v. Mencke, 208 Pa. 331, corrected and explained.

The proper plea in ejectment is "not guilty," and under this plea, the defendants can avail themselves of the defense of res adjudicata.

Argued Jan. 12, 1905. Appeal, No. 192, Jan. T., 1904, by plaintiff, from order of C. P. No. 1, Phila. Co., Dec. T., 1903, No. 333, making absolute rule to quash writ of ejectment in case of Meta N. Bruner v. Annie B. Finley et. al. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Reversed.

Ejectment for land in the city of Philadelphia. Before BIDDLE, P. J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was order making absolute rule to quash writ of ejectment.

*A. J. H. Frank*, for appellant.—The writ was improperly quashed: Bolton v. Robinson, 13 S. & R. 193; Sherer v. Easton Bank, 33 Pa. 134; Schenley v. Com., 36 Pa. 29; Crawford v. Stewart, 38 Pa. 34; Poor v. Colburn, 57 Pa. 415; Steel v. Goodwin, 113 Pa. 288.

*Jas. Aylward Develin*, for appellees.—The rule to quash is the proper remedy both on reason and authority: Rosenberg v. Mencke, 208 Pa. 331; Gordinier's App., 89 Pa. 528; Stephens v. Stephens, 1 Phila. 108; Nicolls v. McDonald, 101 Pa. 514; Peterman v. Huling, 31 Pa. 432.

OPINION BY MR. JUSTICE MESTREZAT, March 6, 1905:

The syllabus of the official report of the case of Rosenberg v. Mencke, 208 Pa. 331, is at least partly responsible for the error of the court below in quashing this writ. The last sentence of the syllabus is misleading and a misstatement of what was decided in the case. Two ejectments were brought for the land in controversy in that case. The first action was by Mencke against Rosenberg in which there was a judgment in the trial court for the defendant. On appeal to this court, the judgment was reversed and a new venire awarded: 202 Pa. 131. When the case was again called for trial in the common pleas, the plaintiff suffered a judgment of non pros. Rosenberg then brought an action of ejectment for the same premises against Mencke. The defendant took a rule to quash the writ on the ground that the former action between the same parties was upon an equitable title and hence the judgment in that case was a bar to another action of ejectment for the same premises between the same parties. The facts were agreed upon by the parties and, for the reason for which the rule was issued, the trial court made it absolute and quashed the writ. No question of the right of the court to determine the merits of the case on the rule was raised by the plaintiff. When the case came into this court on appeal, it is true, the error formally assigned was the order quashing the writ; but the plaintiff ignored the question of practice, and each party based his right to a decision in his favor, on his view of the question of

the conclusiveness of the judgment in the former action. The plaintiff acquiesced in the right of the court to determine the merits of the cause on the rule to quash, and in this court, as will appear in the official report of the case, the argument of both parties was confined to the single question whether the first judgment was upon an equitable title and therefore conclusive. That was the only question decided in the case and it is correctly stated in the first part of the syllabus. The decision did not determine that, under the facts of this case, "if such second ejectment is brought the writ will be quashed," against the objection of the plaintiff. That question was neither argued nor determined in this court, and the case must not be regarded as a precedent in support of the authority of the trial court to determine the merits of the cause on a rule to quash the writ.

The facts of this case may be briefly stated. The plaintiff brought an action of ejectment against the defendants on November 11, 1903, and the writ was duly served and an appearance was entered by counsel. Pursuant to a rule for the purpose issued at the instance of the defendants, the plaintiff, after many unsuccessful attempts, succeeded in filing a satisfactory "amended declaration and abstract of title." The defendants thereupon obtained a rule on the plaintiff to show cause why the writ should not be quashed. This rule was founded on the affidavit of one of the defendants which averred that in a former suit in equity between the same parties, or their predecessors in title, "the rights and title involved were identical with those involved in the present suit, and every such right and title so involved in said equity suit and in this ejectment suit was finally decided against the plaintiff herein by the Supreme Court." The plaintiff filed an answer in which she averred that the rule was not founded upon any sufficient grounds, and that the only manner in which the defendants could avail themselves of the decision in the equity suit "would be by plea of former recovery, or the plea of not guilty in ejectment, under which it would be one of the issues to be tried by the jury and cannot be a ground for quashing the writ." The learned court below sustained the contention of the defendants for the reasons set forth in the following brief and effective, if not convincing, opinion: "This case was

fully considered by the Supreme Court in 187 Pa. 389, and the decision therein ought to be an end of the matter. Under the authority of Rosenberg v. Mencke, 208 Pa. 331, this rule is made absolute."

It was manifest error to quash the writ of ejectment on the ground set up in the affidavit of the defendants that there had been an adjudication of the rights of the parties in the former equity suit. An original writ can be quashed only where it is irregular, defective or improper. It is not alleged that either of these reasons for quashing the writ obtain in this case. The writ was issued by a court of competent jurisdiction, by the proper officer of the court under his seal of office on precipe of counsel, and was not defective or irregular in any respect. There was therefore no ground for quashing the writ. Bolton v. Robinson, 13 S. & R. 193, was a scire facias on a recognizance given on an appeal from an award of arbitrators. The recognizance was void and on that ground the trial court quashed the writ. In reversing the judgment, Mr. Justice Duncan said : " But I am not able to find any principle to justify the court in quashing the writ. The writ itself is a good writ ; it sets forth a recognizance in legal form, and a forfeiture of it ; it shows a good cause of action ; the defendant should have been put to plead or to answer it, and the plaintiff could not be put out of court in this brief way. The judgment quashing the writ must, on this ground, be reversed with directions to the court of common pleas to reinstate the action." Crawford v. Stewart, 38 Pa. 34, was debt on a surplus bond given by the purchaser of land sold for taxes. The court quashed the writ on the ground that the cestui que use had no right to bring the suit and must show that he was the original owner of the land at the time of the tax sale. The order quashing the writ was reversed, and in the opinion of the court it is said : " When the writ was quashed it stood on the record, purely and simply an action of debt—unobjectionable in form, between competent parties—wherein there was due service of process, appearance, and plea by the defendant. There was no irregularity anywhere and the court had undoubted jurisdiction of both the subject-matter and the parties. Under such circumstances, wherein consisted the right of the court to dispose of the case in such a summary manner, against the con-

sent of the plaintiff, as they did? The usual, and I think
only, ground for the exercise of such a power is to clear the
record of irregular, void or defective proceedings. 'Where
proceedings are clearly irregular and void,' says Bouvier, 3d
Inst. n. 3342, 'the courts will quash them, both in civil and
criminal cases. . . .' Thus it appears that this remedy is de-
fined as only applicable to irregular, defective or improper
proceedings. It would be extremely hazardous to extend it
to any other case, unless where there was a consent of par-
ties." This case is cited with approval in Steele v. Goodwin,
113 Pa. 288, where it is held that the power of quashing writs
is limited to proceedings that are irregular, defective or im-
proper.

The case in hand was an action of ejectment, and the proper
plea, as directed by the statute, is not guilty. Under the plea,
the defendants can avail themselves of the defense of res
judicata, the ground on which the writ was quashed : Cist v.
Zeigler, 16 S. & R. 282 ; Zeigler v. Fisher, 3 Pa. 365 ; Finley v.
Hanbest, 30 Pa. 190 ; Black v. Tricker, 52 Pa. 436 ; Gosser v.
Hickenlooper, 81* Pa. 281 ; Westcott v. Edmunds, 68 Pa.
34. The last case cited was an equitable ejectment. At the
trial at nisi prius, before THOMPSON, C. J., the defendants
offered in evidence the record and final decree in a former suit
in equity between the same parties involving the same subject-
matter. The evidence was excluded, and there being a condi-
tional judgment for the plaintiff the defendant took a writ of
error, assigning for error the rejection of his offer of evidence.
The judgment was reversed. It was held that the final decree
in equity was a bar to the suit at law and that the effect of
the decree was the same whether offered in evidence or
pleaded.

The same rule is applied in a suit in equity where the de-
fendant seeks to avail himself of a former adjudication as a bar
to a hearing on the merits. He must set up the former re-
covery by proper averments in his pleadings, and cannot take
advantage of it by a motion to dismiss the bill ; unless, possibly,
where the bill itself discloses the former adjudication and the
objection may be taken by demurrer : 9 Am. & Eng. Ency. of
Pl. & Pr., 616 ; Givens v. Peake, 1 Dana, 225 ; Majors v.
Majors, 58 Miss. 806.

The order of the court below quashing the writ is reversed, the writ is directed to be reinstated and a procedendo is awarded.