## South Central Building & Loan Association v. Milani et ux., Appellants.

Argued April 22, 1930.  Before MOSCHZISKER, C. J.,
FRAZER, WALLING, SIMPSON, KEPHART, SADLER and
SCHAFFER, JJ.

*Jacob Weinstein,* with him *I. Irwin Jackson,* for appellant.—A writ of sci. fa. regular on its face cannot be quashed for alleged reasons appearing dehors the writ: Bolton v. Robinson, 13 S. & R. 194; Bruner v. Finley, 211 Pa. 74; Powell v. Perkins, 211 Pa. 233, 236.

Where a terre-tenant defends on a sci. fa. to revive a judgment that his land was not subject to the lien of judgment, the appropriate device for doing so is by plea or/and affidavit of defense: Colwell v. Easley, 83 Pa. 31; Hanhauser v. R. R., 222 Pa. 244, 247; Evans v. Maury, 112 Pa. 300, 314.

Reargument must be moved for within the term in which the order sought to be reargued is entered: Stein v. Kessler, 92 Pa. Superior Ct. 361; Penna. Stave Co.'s App., 225 Pa. 178.

A litigant cannot urge her own default as a sustainable basis for relief against her adversary in no default: Meinweiser v. Hains, 110 Pa. 468; Curtis v. Hubbell, 8 W. N. C. 367; Reed v. Pedan, 8 S. & R. 263; Muir v. Ins. Co., 203 Pa. 344; Hillside C. & I. Co. v. Heermans, 191 Pa. 116; Bratton v. Mitchell, 5 W. 70; Ensly v. Wright, 3 Pa. 502.

No brief for appellee.

OPINION BY MR. JUSTICE SIMPSON, May 12, 1930:

Plaintiff issued a scire facias to revive a judgment which it held against Ettore Milani, naming therein his wife as terre-tenant, but not specifying any property of which she was alleged to be the terre-tenant. No statute requires the writ to refer to any particular property. The wife was duly served, but instead of filing a plea denying that she held any land as terre-tenant of her husband, as she should have done if she wished that issue to be decided, she presented to the court below a petition averring that she was the owner in fee of a named property, which was conveyed to her for a valuable consideration (not alleged to have been paid by her), before plaintiff's judgment was originally entered; that she held the property in her own right and not subject to the lien of the judgment; and asked that the writ of scire facias be quashed. With some hesitation, the court below granted the prayer of the petition and quashed the writ. This was clear error: Bolton v. Robinson, 13 S. & R. 193, 194; Crawford v. Stewart, 38 Pa. 34; Steele v. Goodwin, 113 Pa. 288; Bruner v. Finley, 211 Pa. 74; Powell v. Perkins, 211 Pa. 233. The case of Rosenberg v. Mencke, 208 Pa. 331, which is sometimes referred to as holding otherwise, is shown in Bruner v. Finley, supra, to have considered the merits of the controversy, solely because counsel for both parties expressly requested it.

There are cases of foreign attachment where extrinsic evidence was admitted and acted on, but these, as shown in Pasquinelli v. Southern Macaroni Mfg. Co., 272 Pa. 468, are exceptional in their character. The right to so proceed in that class of cases is recognized by the Act of April 26, 1917, P. L. 102, which allows appeals from the action of the court below "on motions to quash or dissolve" foreign attachments, and directs that the evidence taken in that court shall be made part of the record and considered in passing on the appeal. Even in cases of this class, however, which directly challenge

the right to issue the writ, as, for instance, on the ground that the defendant is a resident, this court is careful to say (272 Pa. 477) that "an applicant to quash a writ may not aver simply a defense on the merits, or a good legal answer to the alleged debt itself, he must point to some defect in the record which renders the proceeding fundamentally irregular and void." Here no defect in the record is alleged, the petition to quash avers simply a defense on the merits, and no evidence was taken to sustain appellee's vague and unsatisfactory averments.

As the case goes back for further proceedings it may not be inappropriate to add that if the only property, which plaintiff seeks to hold liable for his judgment, was acquired before that judgment was entered originally, then appellee is not the terre-tenant contemplated by sections 2 and 3 of the Act of April 4, 1798, 3 Sm. L. 331, by virtue of which the writ in this case was issued. In early days our decisions on this point were far from harmonious, but the question is no longer an open one: Handel & Hayden B. & L. Assn. v. Elleford, 258 Pa. 143. Under that state of facts, plaintiff may levy on and sell the property at sheriff's sale, and, if it becomes the purchaser, may contest the wife's title in ejectment; or it may proceed by bill in equity, as provided by section 9 of the Uniform Fraudulent Conveyance Act of May 21, 1921, P. L. 1045, 1047; but these are the only remedies available: Sauber v. Nouskajian, 286 Pa. 449, 454; American Trust Co. v. Kaufman, 287 Pa. 461. The fact that the wife acquired title during coverture and while plaintiff's claim against the husband existed, does not alter the rule; it only shifts the burden of proof to the wife, when the issue regarding her title is being tried, if she claims it is good as against her husband's creditors: Shaw v. Newingham, 287 Pa. 304. If it appears that the wife's title to the realty in controversy arose after plaintiff's judgment was entered, then the present action may be maintained, though of

doubtful value, as hereinafter pointed out; or proceedings may be taken under the provision of the Uniform Fraudulent Conveyance Act, supra; or, being in Philadelphia County, plaintiff may proceed under section 9 of the little used Act of April 20, 1853, P. L. 610, 611.

A careful study of our numerous and conflicting decisions under the Act of 1798, will lead to the conclusion that it has outlived its usefulness, and that the wise course is to proceed under the Uniform Fraudulent Conveyance Act of 1921. The Act of 1798 was passed at a time when Pennsylvania had no court of equity, and hence a method had to be devised which could be applied in a court of law. The statute has always been strictly construed; so much so that nothing can be tried under the sci. fa. except the question as to whether or not the land was bound by the judgment, and, if it had been at one time, whether or not the lien was lost: Dangler v. Kiehner, 13 Pa. 37; Colborn v. Trimpey, 36 Pa. 463; Schnepf's Appeal, 47 Pa. 37; Hulett v. Mutual Life Ins. Co., 114 Pa. 142. On the trial of the scire facias the question of adverse title cannot be set up; this must be tried out in a later ejectment (Mitchell v. Hamilton, 8 Pa. 486), by a purchaser at sheriff's sale, of course, for only by a sale under the judgment can one acquire a title adverse to the alleged terre-tenant; and even though the pleadings, the evidence and the charge of the court all show that the issue actually tried was whether or not the alleged terre-tenant's adverse title was fraudulent as against plaintiff, and the verdict and judgment found that it was, nevertheless the alleged terre-tenant is not bound thereby, but may set up his adverse title as a defense in a later action of ejectment: Helfrich's Appeal, 15 Pa. 382. The reason given for this is that on the trial under the sci. fa. the alleged terre-tenant should have been "discharged either by nonsuit or a verdict in his favor; for he is not a terre-tenant": Colwell v. Easly, 83 Pa. 31, 34.

On the other hand, a proceeding in a court of equity in this State, is now less expensive and more expeditious than one at law; in the former tribunal the conflicting decisions under the Act of 1798 pass out of the picture; equity's flexibility enables every one interested to be brought before the court, whether as mortgagee or owner; its decree settles the rights of everybody, and a sale under it will pass a valid title to the land, and not merely a right, after paying the amount bid at the sheriff's sale and its costs, to test the title in later proceeding.

The order of the court below is reversed, the writ of scire facias is reinstated, and a procedendo is awarded.