1814.

SCHWARTZ et al.
*v.*
INS. COMPANY of
N. AMERICA.

---

## WILKINS *against* BURR.

THE defendant obtained a rule upon the plaintiff to shew cause why all proceedings in this action should not be stayed, and an *exoneretur* entered on the bail piece.

The rule was granted upon the following facts: The defendant was held to bail in this suit in *March* 1808. Sometime after the commencement of the suit, his attorney wrote a letter to Mr. *Clay* of *Kentucky,* where the plaintiff lived, requesting him to file a bill of equity against the plaintiff, to obtain an injunction against the further prosecution of the suit, or if this should not be granted, to get his answer to be read on the trial. After several interviews between Mr. *Clay* and the plaintiff, it was agreed that the bill should not be filed, and that this suit should be discontinued. Accordingly the plaintiff on the 17th *June* 1809, wrote and delivered to Mr. *Clay,* a letter directed to *Joseph Gratz* his agent in *Philadelphia,* directing him " on the receipt of this, " to dismiss the suit ordered against *Aaron Burr* on a pro- " tested bill of exchange." The letter was forwarded to the defendant's attorney, who shewed it to *Gratz.* He said at

*Philadelphia,
Monday,
July 28.*

If the plaintiff agrees to discontinue, in consideration that the defendant will not file a bill against him, this Court, if the defendant performs his engagement, will stay proceedings in the suit, and order an *exoneretur* of the bail.

first that the order should be complied with; but after a few days' delay, declared that it would not be discontinued without further orders from the plaintiff, to whom he had written. He afterwards informed the attorney that he had received a letter forbidding the discontinuance; and finally filed his own affidavit, that when the bill was placed in his hands to bring suit, it was agreed by them, that any money recovered should go to pay a debt due by *John & Charles Wilkins* to *Simon Gratz & Co.*, of which house *Joseph Gratz* was a member.

*Hopkinson* shewed cause against the rule. He said that the rule was without precedent. That in this way the Court might be called upon to try every cause. If the defendant had any merits, he might plead them, and submit them to a jury. Had the writing been a release, it must have taken that course; and certainly the letter to *Gratz*, was not more. The order to strike off was revocable in its nature. The consideration was nothing. The defendant might at any time compel an answer; and the plaintiff offered Mr. *Clay*, and is now ready, to answer any interrogatories of the defendant on oath. Besides here is the interest of a third person, which, to resist this rule, is sufficiently proved by his own affidavit.

*Biddle* and *Lewis* for the defendant. The affidavit of Mr. *Gratz* is not evidence on the hearing of the rule. It must be considered as if it did not exist. The only question then is, whether this Court will enforce a fair agreement to discontinue, made upon a sufficient consideration, and in part carried into effect by delivery of the order to the defendant's attorney. The order was irrevocable; *Odes* v. *Woodward* (a), *Manser* v. *Shelly* (b). 1 *Tidd* 495., 1 *Cromp.* 318., *Latch.* 8; and the power of the Court is unquestionable. *Baring* v. *Shippen* (c), *Bonafous* v. *Rybot* (d). It was material to the bail who had relied on the promise of the plaintiff.

TILGHMAN C. J. In considering this case the Court can take no notice of Mr. *Gratz* or of the house of *Simon Gratz & Co.*; becaue the action was not brought for their use, nor does it appear by legal evidence that they have any interest

(a) 2 *Ld. Ray.* 850.                    (c) 2 *Binn.* 167.
(b) *Sir T. Ray.* 69.                    (d) 3 *Burr.* 1370.

in it. The affidavit of *Joseph Gratz* might be received by the court as the ground of a motion; but when the motion came to be heard on its merits, no regard could be paid to it, because he was an incompetent witness. Taking the matter as it stands then between the parties to the action, the defendant only asks the performance of the plaintiff's agreement, founded on a good consideration, and entered into with deliberation. The defendant has performed his part by abstaining from filing a bill in equity, and it is impossible for us to say that he may not be injured if this action is suffered to proceed. When the plaintiff wrote the order for discontinuing the suit and delivered it to Mr. *Clay* the attorney for the defendant, it became irrevocable. There is no suggestion of any kind of deception, imposition or improper conduct in obtaining the order. The case falls then within the reason of that principle, by which courts compel the specific execution of agreements concerning suits depending before them. I am of opinion therefore, that the rule should be made absolute, annexing one condition which justice requires. The cause has been depending a considerable time in this court, and it is possible that if the plaintiff brings a new action he may be barred by the statute of limitations. The defendant must therefore engage, that if the plaintiff discontinues this suit, and brings another, the statute of limitations shall not be pleaded.

YEATES J. and BRACKENRIDGE J. concurred.

Rule absolute.