# Bailey's Appeal.

| 96 | 253 |
| 211 | 571 |

1. Certain parties fraudulently represented that the entire stock and assets of a corporation belonged to them, and they thereby procured the decree of a court dissolving said corporation and acquired possession of its assets. *Held*, that they were liable in equity to be decreed trustees *ex maleficio* as respects bona fide stockholders.

2. When a bill in equity will be held to be sufficient upon demurrer.

November 11th 1880.　Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Appeal from the Court of Common Pleas, No. 2, of *Allegheny county*: Of October and November Term 1880, No. 217.　In Equity.

Bill in equity filed by Madison Bailey, trustee of the Central Bank of Pittsburgh, against Andrew Lyons and Jared M. Brush and the Citizens' Oil Refining Company.

The material averments of the bill will be found in the opinion of this court.　The defendants demurred to the bill, and the court entered judgment on the demurrer for defendants.　Plaintiff then took this appeal.

*D. T. Watson* and *A. M. Brown*, for appellant.—That a decree obtained by fraud and resulting in injury, may be impeached is undoubted; it may be done by original bill without the leave of the court: 1 P. Wms. 736; 2 Id. 73; Marr's Appeal, 28 P. F. Smith 66–69; Johnson's Appeal, 9 Barr 416.　Distinct and specific acts of fraud, committed by the appellees, in procuring the decree dissolving the Citizens' Oil Refining Company, and in appropriating and distributing the assets of the corporation to the individual use of Lyons and Brush, are averred in the bill and confessed by the demurrer.

*F. M. Magee* and *Hampton & Dalzell*, for appellees.—The solemn judgment of a court having jurisdiction, regularly entered, cannot be impeached by a simple allegation of fraud.　The attacking party must set out "the circumstances of fraud on which it is impeached:" Daniels Ch. Pr., *supra*.　It is not sufficient to make the charge of fraud in general terms, but it should be direct, and state particular acts of fraud: Bright Eq. Juris., sect. 57.

The real owner of the stock in question (according to plaintiff's bill) on December 11th 1875, was Walter E. Hague, assignee in bankruptcy of James Bown.　There is no allegation that a transfer was ever made to him on the books of the Citizens' Oil Refining Company.　A person holding a certificate of stock, but whose name does not stand on the books, is not a stockholder: Heath *v*. Erie

Railway Company, 8 Blatch. 348; Brown *v.* Adams, 5 Bissel 181.
Registration of shareholders is intended for the benefit of the company as well as the stockholders, and hence, as between the transferree and the company, unless his own transfer is made upon the books of the company he is not a stockholder.    The mere fact that one owns the certificate of stock does not make him a stockholder: Thompson on. Liability of Stockholders, sect. 217, note citing Helm *v.* Swiggett, 12 Ind. 196; Coleman *v.* Spencer, 5 Blackf. 197; New Albany Railroad *v.* McCormick, 10 Ind. 499; Marlborough Manufacturing Co. *v.* Smith, 2 Conn. 579.    And this is the doctrine of this court, established in a case in many respects like the present; Bank of Commerce's Appeal, 23 P. F. Smith 59.

Mr. Justice STERRETT delivered the opinion of the court, November 22d 1880.

The single question raised on this record is, whether appellant's bill properly presents such a case as entitles him to relief in either of the forms prayed for.  By demurring to the bill, the appellees admit all the facts therein averred, so far as they are well pleaded; and, for the purposes of the present inquiry, we must assume that they are true.

The first paragraph of the bill distinctly avers that on or about February 1869, James Bown owned, in his own right, three hundred and fifty shares of the capital stock of the Citizens' Oil Refining Company, for which he held the certificate of the company duly issued to him.

The second, third and fourth paragraphs trace, with sufficient accuracy and precision, the title to the stock from Bown, through the Third National Bank of Pittsburgh and Bown's assignee in bankruptcy, into the appellant.

The fifth paragraph charges explicitly that with full notice and knowledge of the said outstanding certificate of stock, and of the fact that the same had been assigned for value by Bown to the Third National Bank, the appellees, using the name of the Citizens' Oil Refining Company without any notice to either Bown, the Third National Bank, or appellant, and without the knowledge of either of them, and without any meeting of the corporators of the said Citizens' Oil Refining Company, caused a petition to be presented to the Court of Common Pleas, No. 2, of Allegheny county, wherein they falsely alleged that the entire stock and assets of the Citizens' Oil Refining Company belonged to them, and procured a decree of said court dissolving the corporation.

The sixth and seventh paragraphs set forth the means whereby the appellees, Lyons and Brush, then obtained possession of all the assets, real and personal, of said defunct corporation; and, in the next paragraph, it is averred that said assets were of great value, and that the said appellees have continued to use and enjoy them,

and have made and received large gains and profits from the use thereof.

In the ninth paragraph of the bill it is averred that as soon as appellant became aware of the facts thereinbefore stated, he, as owner of said three hundred and fifty shares of capital stock, demanded of appellees an account of the assets wrongfully taken possession of by them, and also of the profits and gains realized by them therefrom, which demand was refused.

The tenth paragraph charges collusion and fraud by and between the appellees, whereby it was made to appear to the Court of Common Pleas that they were the actual owners of all the assets, real and personal, of said Citizens' Oil Refining Company, whereas, in truth and fact, the owner of the said three hundred and fifty shares of the capital stock of the company was entitled to a fair proportion thereof; and also, that by means of their false and fraudulent allegations as to the ownership of the assets of the company, the appellees induced the court, in January 1879, to confirm absolutely the account presented by them as trustees of said company ; and further, that the proceedings in the Court of Common Pleas were promoted by the appellees as a means and contrivance whereby they sought to defraud the then owner of the said three hundred and fifty shares of stock, and that all of said proceedings were purposely kept secret by the appellees from said Bown, the Third National Bank, the assignee in bankruptcy of said Bown, and from appellant.

In the last paragraph, it is claimed, in substance, that by means of the fraudulent acts charged in the preceding paragraphs of the bill, the appellees became and are trustees of all the assets, real and personal, of the Citizens' Oil Refining Company, and of all gains and profits derived therefrom, to and for the use of those legally owning and holding the capital stock of said company, and that, as such trustees, they are bound to account to appellant for said assets, gains and profits.

The prayers of the bill are : 1. That the decree of the Court of Common Pleas, of January 28th 1879, confirming absolutely the account of appellees, may be declared null and void in consequence of its fraudulent procurement. 2. That appellees may be declared trustees of the assets of the Citizens' Oil Refining Company, and as such, bound to account to the owners and holders of shares of the capital stock of the company, together with all money, profits and income derived therefrom. 3. That they may be ordered to account to appellant as owner of three hundred and fifty shares of said stock, for said assets and for the income and profits derived therefrom, and that they may be decreed to pay appellant what rightfully belongs to him on account of his ownership of said shares. 4. For the appointment of a receiver; and lastly, for further relief.

[Bailey's Appeal.]

The allegations of fact contained in the bill, the most material of which we have thus outlined, appear to be pleaded with sufficient clearness and precision; and assuming, as we must in the present attitude of the case, that they are true, we are of opinion that they present a case which the Court of Common Pleas should have entertained. Inasmuch as the case goes back for further proceedings, we refrain from expressing any opinion on any of the questions that are likely to arise. We do not feel called upon at present to say more than that upon the facts sufficiently averred in the bill and admitted by the demurrer, the appellees are at least trustees *ex maleficio* of the assets of the Citizens' Oil Refining Company, and as such liable to account to appellant as owner of the three hundred and fifty shares of the capital stock of said company. How far these allegations of fact may be successfully met by the appellees, when their defence is developed, remains to be seen.

Decree reversed at the costs of the appellees, and a *procedendo* awarded.