## Ellen C. Goggins *v.* Daniel L. Risley, Appellant.

*Equity pleading—Responsive answer.*

An answer is responsive which directly traverses the substance of each material allegation of false representation in the bill not on information but on personal knowledge introducing no new matter.

Such responsive answer is conclusive evidence in favor of respondent, unless overcome by satisfactory evidence of two opposing witnesses, etc.

*Rescission of fraudulent contract—Evidence required.*

To warrant a decree rescinding a contract upon the ground of fraud the evidence must be clear and precise and a court in the exercise of a sound discretion may refuse a rescission even though upon the same proofs it would refuse to decree specific performance at the instance of the other party. The uncorroborated testimony of the plaintiff if opposed to the allegations of a responsive answer is insufficient to warrant a court of equity in decreeing rescission and repayment of the money paid.

*Fraud—Laches—Statute of limitations.*

The rule that the statute of limitations does not begin to run or that a party cannot be charged with laches until the discovery of the fraud does

not mean that one can shut his eyes to obvious facts. A person who is injured by fraud must be prompt in seeking redress. Laches and neglect are always discountenanced. Nothing can call a court of chancery into activity but conscience, good faith and reasonable diligence.

A bill to recover purchase money paid for a deed brought more than six years after the date of delivery for alleged fraudulent misrepresentation which the complainant could have verified at any time after or before the transaction, the sale having been made after inspection of the premises, does not disclose such a case as entitles plaintiff to relief.

*Appeal—Equitable relief for fraud—Findings of court below.*

Where relief from a fraudulent sale of lands is sought and the plaintiff is corroborated to some extent and the court below finds for the plaintiff, the appellate court will not reverse, due regard being given to the findings of the court below.

Argued Dec. 14, 1899. Appeal, No. 182, Oct. T., 1899, by defendant, from decree of C. P. No. 1, Phila. Co., Dec. T., 1898, No. 439, in favor of plaintiff. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Decree modified. Opinion by RICE, P. J.

Bill in equity for dissolution of agreement of sale of certain real estate and return of purchase money, and for the return of purchase money on other real estate on reconveyance thereof by plaintiff on the ground of fraud. Before BIDDLE, P. J.

The facts sufficiently appear in the opinion of the court.

The court below entered the following decree:

And now, to wit: September 25, 1899, it is ordered, decreed and adjudged as follows:

1. That the three contracts of sale between Daniel L. Risley, the defendant, and Ellen C. Goggins, the plaintiff named in plaintiff's bill, be and the same are hereby rescinded and annulled.

2. That the said Daniel L. Risley pay forthwith to the plaintiff the sum of $365.14, the same being the amount paid by her for purchase money of the lots of ground, with interest thereon from the date of trial.

3. That the said Daniel L. Risley accept the deed of Ellen C. Goggins, and that he pay all costs accrued by reason of these proceedings.

Defendant appealed.

*Errors assigned* among others were (1) in decreeing a rescission of the three contracts of sale, because the plaintiff failed to prove that at the time the said contracts were severally made the defendant made any fraudulent misrepresentations which induced the plaintiff to enter into the said contracts.   (8) In decreeing a rescission of said contracts, because the plaintiff's right of action was barred by the statute of limitation, and because the plaintiff has been guilty of laches.

*A. B. Repetto*, for appellant.—The proof of fraud in this case depends upon the testimony of the plaintiff alone.   Under the authorities it will be necessary in order to rescind a contract that the plaintiff's testimony be corroborated: Cummins v. Hurlbutt, 92 Pa. 165 ; Martin v. Berens, 67 Pa. 459 ; Campbell v. Patterson, 95 Pa. 447 ; Nulton's Appeal, 103 Pa. 286.

The principle is well established that a party who seeks a rescission of the contract must do so within a reasonable time and must inform the other party of his intention to rescind : Leaming v. Wise, 73 Pa. 173 ; Howard v. Turner, 155 Pa. 349.

In order to prevent the statute of limitations from running, actual concealment would seem necessary.   The mere fact of nondiscovery will not be enough : Bispham on Equity, sec. 203.

*Charles F. Eggleston*, for appellee.—The findings of the court sitting as a trial judge in equity proceedings are equivalent to the findings of a master subsequently approved by the court, and will not be set aside by the appellate court except for clear error: Stocker v. Hutter, 134 Pa. 19 ; Brotherton v. Reynolds, 164 Pa. 134.

It has also been held that such findings of fact will not be reversed by the appellate court where they are based upon evidence sufficient to submit to a jury: Warner v. Hare, 154 Pa. 548.

OPINION BY RICE, P. J., April 23, 1900:

On October 24, 1892, the defendant entered into a written contract with the plaintiff for the sale to her of a lot described as "lot No. 2 in section 59, as shown on a plan of lots of the Pleasantville Land Company and known as tract or map No. 2," for the sum of $250 payable in weekly instalments.   The plain-

tiff made payments at irregular intervals until March 28, 1898, the payments amounting in the aggregate to $160.

On October 26, 1892, the defendant deeded to the plaintiff another lot situated on Oakland avenue for the consideration of $100. The location of this lot was precisely described in the deed, by courses, distances and adjoiners and was further described as "lot No. 262 as shown on map of Bay View Place, a copy of which is on file in said clerk's office" (of Atlantic county, New Jersey).

On March 6, 1893, he deeded to her another lot for the consideration of $100, which was described as lot No. 279 on the same plan.

In December, 1898, the plaintiff filed a bill in equity averring that she was induced to make these purchases by certain false and fraudulent representations of the defendant, to which we shall refer hereafter, and praying that the contract of October 24, 1892, be canceled and declared null and void, that the sales above referred to be rescinded, and that the defendant be directed to repay to her the sums paid by her as aforesaid upon the reconveyance to him of the two lots numbered 262 and 279. The defendant filed an answer and after a trial the court made the decree prayed for. The present appeal is from that decree.

At the very threshold of the case the questions are presented, whether or not the answer is responsive, and, if it is, whether or not the allegations of the bill are established by the quantum and quality of proof required in such cases. In the consideration of these questions it will be necessary to look at each of the three transactions separately.

1. As to the first transaction the only material statements or representations, the falsity of which is distinctly alleged in the bill, are, first, that a new electric railroad was about to be built along one of the streets of the land company's property; second that the lot described in the contract was next to the lot sold her sister in August, which was pointed out by the defendant at that time as being at the corner of two opened streets, whereas, in fact, it was "in a wilderness of Jersey sand, weeds and briars, to which there was no road or other means of ingress or egress." As to the first of these allegations the answer makes an explicit and unequivocal denial, coupled with an admission that the defendant may have stated that certain persons were talking of

building such a road. As to the allegation that the lot described in the contract is not the lot pointed out to her, the answer avers that the map of the Pleasantville Land Company, whereon the lands of the defendant were outlined and described was shown to her (the bill alleges that no map of the land was shown her), that she agreed to purchase lot No. 2, section 59, as shown on the map (this is the description in the contract), and that all the properties purchased by the plaintiffs are the ones shown to her when she was shown the ground.

So far as the first transaction is concerned, we fail to see what essential of a responsive answer is lacking. To so much of the bill as it is necessary and material for the defendant to answer, he must speak directly and without evasion; and he must not merely answer the several charges literally, but he must confess or traverse the substance of each charge: Mitford's Eq. Pl. by Jeremy, 309, 110; Story's Eq. Pl. (10th ed.) sec. 852. We are of opinion that the answer fully comes up to this standard. It directly traverses the substance of each material allegation of false representation; it is not made on information but on personal knowledge; and it introduces no new matter. The answer of a defendant to any matter stated in a bill, and responsive to it, is conclusive evidence in his favor unless it is overcome by satisfactory evidence of two opposing witnesses, or of one witness corroborated by other circumstances and facts which give it greater weight than the answer, or which are equivalent in weight to a second witness: Galbraith v. Galbraith, 190 Pa. 225; Bussier v. Weekey, 11 Pa. Superior Ct. 463. To warrant a decree rescinding a contract upon the ground of fraud the evidence must be clear and precise. Relief will not be given unless a distinct case of fraud be clearly proved. The court will exercise a sound discretion, and may refuse to decree rescission even though upon the same proofs it would refuse to decree specific performance at the instance of the other party. The uncorroborated testimony of the plaintiff, if opposed to the allegations of a responsive answer, is insufficient to warrant a court of equity in decreeing rescission and repayment of the money paid. These general principles have been recognized and applied in a multitude of cases, among which may be mentioned Stewart's Appeal, 78 Pa. 88, Cummins v. Hurlbutt, 92 Pa. 165, Campbell v. Patterson, 95 Pa. 447, and Nulton's Appeal, 103

Pa. 286.  The testimony of the plaintiff as to the alleged false representations (we are still speaking of the first transaction) stands uncorroborated.  True, her sister was called and gave some testimony but that was struck out before the plaintiff rested her case, and, of course, could not be considered by the court below nor by us.  .The other witness called by the plaintiff remembered nothing of the negotiations that led up to the sale, and gave no testimony bearing on that matter.  It follows, that the plaintiff's allegation is not sustained by the quantum of proof required to sustain a decree canceling and annulling that contract.

2.  As already shown, the deed for the second lot bought by the plaintiff was delivered and the purchase money paid more than six years before the filing of the bill.  No misrepresentation as to the location of the lot is alleged.  The plaintiff bought after being upon the ground.  The alleged representations of the defendant were as to physical conditions—such as sewers, water pipes, grading and curbing of streets, sidewalks, and the access by the street on which the lot fronted to a certain township road—the existence or nonexistence of which as represented might have been ascertained by ordinary diligence.  So far as this lot is concerned, the defendant neither said nor did anything after the delivery of the deed to conceal the facts nor to induce her to forego investigation of them.  The suggestion that he put her off by promises to go with her and point out the lots is without force.  She does not claim that she did not know the location of this lot.  She could see whether it was upon a graded and curbed street or not and whether the street opened into the township road.  No unbending rule can be laid down as to what delay, short of the period fixed by a statute of limitation, will constitute laches.  Each case must be determined upon its peculiar facts and circumstances.  It will be observed that this is not a bill to cancel a deed obtained from the plaintiff by fraud, but a suit to recover back money paid for land for which the plaintiff has held the deed, and by virtue thereof has had legal possession for more than six years.  At the very best the evidence is barely sufficient to warrant a finding that. the representations above referred to were not in the main substantially true.  And, as we have already suggested, if they were not so the facts might have been ascertained by ordinary

diligence.  When it is said that the statute of limitations does not begin to run, or that a party cannot be charged with laches, until the discovery of the fraud, it is not meant that he can shut his eyes to obvious facts.  Of course, if the other party has concealed the fraud, or, as has been said, has committed a fraud "in such a manner that it concealed itself," the general doctrine that the statute begins to run from the discovery of the fraud applies.  But this is not such a case.  If within the statutory period for bringing suit to recover back the money paid on this purchase the plaintiff did not discover that the conditions of the property and its surroundings were not as represented, it was because she was culpably negligent.  A person who is injured by fraud must be prompt in seeking redress.  Laches and neglect are always discountenanced.  Nothing can call a court of chancery into activity but conscience, good faith and reasonable diligence, and where these are wanting, the court is passive and does nothing : Bispham's Equity, sec. 260.  Under all the circumstances we are of opinion that as to this transaction the plaintiff has not shown such a case as entitles her to the relief prayed for.

3. As to the third transaction the case differs from that presented as to the first transaction, in that the plaintiff is corroborated to some extent, and from that presented as to the second transaction, in that the bill was filed within six years.  We cannot say as matter of law that there was not sufficient evidence to sustain the findings of the court, and having regard to the weight to be attached to them, we are of opinion that the decree as to the third purchase should not be disturbed.

The decree of the court below is modified so as to be as follows : The plaintiff is directed to deposit in the court below a good and sufficient deed for lot No. 279 described in the bill, and upon satisfactory proof of its sufficiency being made to the court, after due notice to the defendant, the defendant is ordered and decreed to pay forthwith to the plaintiff the sum of $100.  Upon compliance with this decree the defendant shall be permitted to take the deed out of court.  It is further ordered, adjudged and decreed that the costs in the court below and in this court shall be paid by the defendant