## Good, Appellant, *v.* Grit Publishing Company.

*Practice, C. P.—Striking off action from record—Agreement of party.*

An action or writ can only be stricken off when irregular, defective, or improper.   Thus it is error to strike from the record an action for libel because of an alleged agreement between the parties, where the defendant denies that any such agreement had been made.

In an action of trespass for libel where the defendant files a petition for an order to strike off the action on the ground of an alleged agreement that such order should be made, and the plaintiff files an answer denying the existence of such an agreement, the answer must be taken as true until overcome by the testimony of two witnesses, or its equivalent.

Argued March 12, 1906.   Appeal, No. 345, Jan. T., 1905, by plaintiff, from order of C. P. Lycoming Co., Dec. T., 1903, No. 232, striking off an action for libel in case of O. W. Good v. Grit Publishing Company.   Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and ELKIN, JJ.   Reversed.

Rule to strike off action for libel.

The opinion of the Supreme Court states the case.

*Error assigned* was the order of the court.

*M. C. Rhone* and *A. G. Miller*, with them *James Scarlett* and *George B. Reimensnyder*, for appellant.

*Seth T. McCormick*, with him *James B. Krause*, for appellee.

OPINION BY MR. JUSTICE ELKIN, April 9, 1906 :

This is an action of trespass for libel.   A motion was made in the court below to strike the action from the record.   A rule was granted, which was made absolute after hearing, and it was ordered that the case be marked discontinued and settled by agreement of the parties.   From this order an appeal was taken.   The court below based its right to strike the case from the record on the ground that defendant company alleged an agreement had been entered into with appellant to discontinue the case.   The appellant denied that such an agreement had been made.   This proceeding is somewhat unusual in character and would seem to deny appellant his constitutional right of a

trial by jury. It is at variance with a late utterance of this court wherein it was held that an action or writ can only be stricken off when irregular, defective or improper : Bruner v. Finley, 211 Pa. 74. The appellee relies on Wilkins v. Burr, 6 Binn. 389, and Bach v. Burke, 141 Pa. 649. We are not convinced that these cases are authority for the order made in the present case. In the latter case a rule was granted to show cause why an agreement to discontinue should not be enforced. No answer was filed. A sufficient consideration was shown by the testimony, and the agreement was acquiesced in by counsel. In the present case the rule was granted to show cause why the case should not be stricken from the record. An answer was filed denying the material allegations of the petition. No consideration was alleged and no sufficient consideration proven. Counsel of record did not know of the alleged agreement to discontinue. Under these circumstances, the rule of the cases above cited and relied on does not apply. In this connection it must not be overlooked that the ground upon which this court predicated its order to discontinue in the case of Bach v. Burke, supra, was that it fell " within the reason of that principle by which the courts compel the specific execution of agreements concerning suits depending before them." In the case at bar the appellant in his answer denied that he made any agreement to settle or discontinue the action, or that he ever authorized any person to make such an agreement for him. He also avers that it always was his intention to prosecute the action to final judgment. The answer denied specifically every allegation contained in the petition. To this answer no replication was filed. Under our rules of pleading the answer must be taken as true until overcome by the testimony of two witnesses or its equivalent : Kane v. Schuylkill Fire Insurance Co., 199 Pa. 198 ; Goggins v. Risley, 13 Pa. Superior Ct. 316 ; Hopkins v. Stoneroad, 21 Pa. Superior Ct. 168. The appellee did not overcome the responsive answer of appellant, and, therefore, on the facts the evidence is not sufficient to support the allegation, and the order of the court striking the case from the record was improvidently made.

Order reversed, and it is ordered that the action be reinstated in the court below so that appellant may proceed to have the matters in controversy determined by due process of law.