## German v. Conover, Appellant.

*Practice, C. P.—Rule to show cause—Averments of answer— Replication—Rules of court—Rule to set aside sheriff's sale—Act of April 22, 1846, P. L. 476.*

Upon a rule to set aside a sheriff's sale on the ground that the advertisement thereof was inserted in two newspapers owned and controlled by the same persons, in violation of the Act of April 22, 1846, P. L. 476, where a properly verified answer to the petition for rule denied the essential facts of the petition, and no replication was filed, the averments of the answer must be taken to be true, under rules of court so providing, and the lower court made no error in discharging the rule.

Argued February 11, 1913. Appeal, No. 230, Jan. T., 1912, by defendant, from order of C. P. Bucks Co., Dec. T., 1911, No. 9, discharging rule to show cause why sheriff's sale of real estate should not be set aside in case of Mary A. German and David L. German v. Margaret Conover. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Rule to show cause why sheriff's sale of real estate should not be set aside.

RYAN, P. J., filed the following opinion:

The petitioner seeks to have the sale of her property by the sheriff set aside because of irregularity in the advertising of the same. She claims that there was a violation of Section 2 of the Act of April 22, 1846, P. L. 476, which is as follows:

"......It shall not be lawful for the sheriffs and coroners of the several counties of this Commonwealth to publish the sales of real estate, as required by the sixty-third section of the Act of June 16, 1836, P. L. 755, in any two newspapers published in any one office, or in any two newspapers published by any one man, or any one company of men."

The petition, upon which the above rule was granted, sets forth, inter alia, that "the said sale was advertised in two weekly newspapers, to wit, the "New Hope News" and "Weekly Democrat," both of them not only published by one and the same company, namely, the Doylestown Publishing Company, but edited by one and the same editor, printed in the same establishment, the respective advertising bills invariably collected and receipted by the same manager and everything in connection with the publication of the newspapers being under the general supervision of the Doylestown Publishing Company, who is also attorney of record for the plaintiffs in the suit." In answer to these averments the plaintiffs in their answer replied as follows: But it is not true that the said "New Hope News" is published by the Doylestown Publishing Company, and that both it and the said "Doylestown Democrat" or "Weekly Democrat," as it is called in the said petition, are published by one man or one company of men. Upon the contrary the "Doylestown Democrat" is published by the Doylestown Publishing Company, a corporation chartered under the laws of Pennsylvania, and the said publication is made at Doylestown, where it is entered, mailed and

delivered to subscribers and the public, and the "New Hope News" is published by the New Hope Publishing Company, a copartnership, and the said publication is made at New Hope, Pa., where it is entered, mailed and delivered to subscribers and to the public from its office of publication in the Stintsman Building, and the said New Hope Publishing Company is not owned by the Doylestown Publishing Company, or composed of the same company of men."

The sheriff also filed an answer averring substantially the same facts in reference to the advertising of said sale. No replication was filed by the petitioner to either of the said answers. The rules of courts of this county provide inter alia as follows:

"5. Every petition on which shall be founded a citation or rule to show cause, shall be verified by affidavit of the truth of the allegations of facts therein.

"7. At or before the time fixed for the return of the citation or rule the respondent may file an answer thereto. If the answer shall contain any denial of the allegations of facts in the petition, or statement of new facts by way of defense, it shall be verified by affidavit.

"8. On filing of the answer the petitioner may within ten days after notice thereof, file a replication thereto, verified in the same manner.

"11. On hearing of the citation or rule to show cause, the facts so stated in the petition or answer, and not denied in the manner aforesaid, shall be taken pro confesso." Rules of Court, page 13.

In the absence of a replication to each of these answers, both of which are verified by affidavits as required by the rules of court, the facts therein set forth by way of defense must be taken pro confesso. Depositions of Webster Grim, the president of the Doylestown Publishing Company and the owner of the "New Hope News," and William A. Paxson, formerly deputy sheriff, were filed however, but they do not support the allegations

of the petition or contradict those of the answers filed.
The petitioner's contention, therefore, is not sustained.

The .court discharged · the rule.

Petitioner appealed.

*Error assigned* was the order of the court.

*John L. Dubois,* for appellant.

*Webster Grim,* of *Grim & Grim,* for appellees.

PER CURIAM, March 17, 1913:

The order appealed from is affirmed on the opinion of
Judge RYAN.