## Schmitt, Appellant, *v.* Cook.

*Practice, C. P.—Discontinuance—Enforcing agreement to discontinue—Principal and agent—Denial of authority of agent—Corporations.*

The court will enforce an agreement to discontinue founded on a good consideration entered into with deliberation; but such an agreement, although in writing and signed by the secretary of the plaintiff, a corporation, will not be enforced, and a judgment of non pros. entered, where the authority of the secretary to sign the agreement is expressly denied. Such a case should be permitted to go to a jury.

Argued May 8, 1916. Appeal, No. 46, April T., 1916, by plaintiff, from order of C. P. Mercer Co., Jan. T., 1912, No. 147, making absolute rule to discontinue suit and enter judgment of non pros. in case of V. J. Schmitt, Receiver of the Inter-State Lumber Co. v. John Cook and Harry B. Cook, doing business as John Cook & Son. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Rule to discontinue suit and enter judgment of non pros.

The opinion of the Superior Court states the case.

*Error assigned* was in making absolute rule to discontinue suit and enter judgment of non pros.

W. C. *McClure,* with him A. H. *Mercer* and J. J. *Donaldson,* for appellant.—Plaintiff contends that the suit having been commenced in a court of competent jurisdiction, and not being defective or irregular in any respect, the court had no right to grant judgment of non pros.: Bruner v. Finley, 211 Pa. 74; Good v. Grit Pub. Co., 214 Pa. 614.

J. P. *Whitla,* with him *Roy Neville,* for appellee.

OPINION BY TREXLER, J., October 9, 1916:

The Inter-State Lumber Company in 1908 brought suit against the defendants and in November, 1913, the receiver of the company was substituted as plaintiff. After he had filed his statement of claim, the defendants presented a petition to the court alleging that W. A. Coleman, the secretary and treasurer of the lumber company had on January 11, 1912, settled the suit with them and that they had paid him the sum of $200.00 and had obtained a receipt in full together with a paper authorizing the prothonotary to have the suit "satisfied upon the record." This paper had never been filed nor had the suit been discontinued. A rule was granted on the plaintiff to show cause why the receipt given should not be filed of record and a judgment of non pros. entered. The receiver replied to the rule alleging that the statements of the defendants were matters of defense which should be submitted to a jury. He denied that the receipt was given in full satisfaction but was merely to be taken as a credit on the indebtedness; that part of the transaction was the surrender to the company of the stock which defendants had in it and that the transfer of stock was illegal and was a fraud upon the other stockholders. Testimony was taken under the rule and after argument the court entered judgment of non pros. The court in its opinion states that the one question in the case is the authority of Coleman "to make the settlement of the plaintiff's claim, accept the money paid in consideration and to execute and deliver the receipt and written authority to discontinue said suit." There may have been sufficient testimony to warrant a finding that Coleman was within his authority to settle the case. He asserts that his authority "if not in writing was implied" and that the stock turned in by the stockholders on four or five occasions had been accepted by the company and the transfer acquiesced in, but we feel under the facts as they are presented that these questions were for the jury. They were matters of defense which could be offered at

the trial but we do not think the court could decide them
in a preliminary inquiry. The learned trial judge held
that he had warrant to act as he did in the matter under
the cases of Wilkins v. Burr, 6 Binney 389; Bach v.
Burke, 141 Pa. 649. These cases decide that the court
will enforce an agreement to discontinue founded on a
good consideration and entered into with deliberation.
The enforcement of such agreements is within the sum-
mary jurisdiction of the court. When parties have set-
tled a case, and the plaintiff has agreed to discontinue,
the court will not allow him to recede from his contract
but will hold him to it if the agreement is such as the
court should lend its aid to enforce. Such cases "fall
within the reason of that principle by which the courts
compel the specific execution of agreements concerning
suits depending upon them": Bach v. Burke, supra.
Where there is a denial of such an agreement as was
pointed out in the case of Good v. Grit Publishing Co.,
214 Pa. 614, the above cases do not apply. In the case
at bar the existence of the written paper is not disputed
but its validity is in question by reason of the fact that
plaintiff denies the authority of the agent to make it,
and to deny the authority of the agent is to deny its
existence as a binding obligation. We quote the lan-
guage of Justice ELKIN in the above case, "This proceed-
ing is somewhat unusual in character and would seem
to deny appellant his constitutional right of a trial by
jury. It is at variance with a last utterance of this court
wherein it held that an action can only be stricken off
where irregular, defective or improper, Bruner v. Finley,
211 Pa. 74." We think the court below erred in passing
upon the question of the authority of the plaintiff's of-
ficer to make the settlement.

There are a number of questions discussed by the
learned judge of the court below in his opinion entering
judgment but as his power to consider them is predicated
upon his right to decide disputed facts, and as we do not
think he has such right, we need not discuss them. The

matters involved can best be settled by the jury at the trial.

The judgment of non pros. is reversed and it is ordered that the action be reinstated in the court below so that appellant may proceed to have the matters in controversy determined by due process of law.