## Barnes v. Barnes.

*Webster Grim*, for plaintiff; *John L. Du Bois*, for defendant.

BOYER, J., Aug. 4, 1930.—This is a case arising upon exceptions filed to the confirmation of the sheriff's sale made under the above writ of *fieri facias* on May 9, 1930. The exceptions set forth a number of objections to the confirmation of the sale, the first being that a sale-bill was not posted on the premises for the required ten days prior to the sale. The other exceptions relate in general terms to insufficient advertisement and inadequacy of price.

To these exceptions an answer was filed by the plaintiff in the writ, who is also the purchaser of the premises. The answer is a specific denial of the averments contained in the exceptions. No replication was filed to the answer.

Depositions were taken on behalf of the plaintiff which disclose that a hand bill was posted on the defendant's premises on April 30, 1930, being nine full days prior to May 9th, the date of sale. The depositions as well as the uncontradicted answer show conclusively that the defendant attended the sheriff's sale with his attorney; that through his attorney he publicly warned the sheriff and prospective bidders that he would file exceptions to the sale if one were made; that the price for which the property was sold was adequate; that no injustice was done to, or hardship suffered by, the defendant by reason of any insufficient notice or advertisement; that there were no bidders for the property excepting the plaintiff in the writ.

There are, therefore, no disputed questions of fact for the court to determine. The facts set forth in the answer, when not traversed, are taken to be true: German *v.* Conover, 240 Pa. 11. The defendant has not offered or given security to guarantee costs, or an advance in price, if resold.

This leaves but one question for the court to determine, namely, whether the posting of the hand bill or notice on the premises is a sufficient compli-

ance with the requirements of the law, and, if not, whether the sale must be set aside for that reason?

The 62nd section of the Act of June 16, 1836, P. L. 755, 772, provides that one of the hand bills "shall be fixed by the sheriff or other officer upon the premises, and the others of them in the most public places of the county or city, at least ten days before such sale." The Act of July 22, 1919, P. L. 1089, regulating the advertising of sheriff's sales of real estate, provides: "Such number of said hand bills shall be posted as shall be designated by special or standing order of court of the county out of which the writ, process, order or decree of court issued. . . ." This act is silent as to any requirements for the posting of a notice on the premises, or at any other particular place, or of the length of time for which they shall be posted. Apparently, the principal purpose of the latter act was to require the hand bills to be printed instead of written and to require and regulate the publication of notice in newspapers. While the act is not designated as a supplement to, or an amendment of, the Act of 1836, nevertheless, that is the practical effect of the act.

This court has no standing rule under the provisions of the Act of 1919 regulating the posting of hand bills. In the absence of such rule of court, in our opinion, the matter is still regulated by the Act of 1836, and the provision requiring the posting of notice upon the premises at least ten days before the sale is still in effect in this county.

Was the posting of the hand bill on the premises in this case a fatal deviation from the requirements of the Act of 1836? Must this sale be set aside by reason of the failure of the sheriff to post a notice upon the premises for the full ten days prior to May 9, 1930? As a sufficient answer to these questions we refer to the very able and exhaustive opinion of Judge Stewart in Best v. Blue Ridge Water Supply Co., 7 D. & C. 549, with which opinion we fully concur. In that case the notice was posted only four days prior to the sale. The substance of that opinion is, that the direction of the act as to the length of time for the posting of a notice on the premises is merely directory, and a failure to fully comply with its requirement will not in itself invalidate a sale. See, also, Jones v. Vail, 5 Lacka. Jurist, 257.

The failure to post the notice on the premises for the full time required may be one of those technical defects at which a court, in the exercise of its discretion and equitable powers, may grasp in order to relieve a defendant from a clear hardship or to direct a resale where a substantial increase in price has been guaranteed by bond, &c.: Ritter v. Getz, 161 Pa. 648. However, where there is no proof of inadequacy of price, and no guaranty of an increased price upon resale, and where the defendant attended the sale and had an opportunity to bid or to produce bidders, and where, as in this case, the defendant attempted to defeat the sale and prevent bidding by threatening prospective purchasers with litigation, the court will not set aside the sale on a mere technical objection which does not go to the merits of the application. On this question we again refer to the opinion in Best v. Blue Ridge Water Supply Co., supra.

In the opinion above referred to, the court discusses and distinguishes the only cases cited by defendant in this case, namely, Rinehart v. Tiernan, an unreported Philadelphia case, decided in December, 1836, and Brown v. Lodge, 1 W. N. C. 443.

Now, Aug. 4, 1930, the exceptions to the sheriff's sale are dismissed and the sale and deed are confirmed.

From Isaac J. Vanartsdalen, Doylestown, Pa.