## Sale *v.* Ambler et al. (Emmett, Appellant).

Argued April 19, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Ralph S. Croskey,* of *Edwards & Croskey,* with him *Theodore L. Reimel,* for appellant.

*Nathan Lavine,* for appellee.

OPINION BY MR. CHIEF JUSTICE KEPHART, May 25, 1939:

In 1934, a bill was filed by Jerome Apt, a shareholder, in the name of the H. C. Ambler Construction Company, a New Jersey corporation, against Anna S. Emmett, the present appellant, alleging that her brother had fraud-

ulently misappropriated more than $30,000 of corporate funds, and had turned the proceeds over to her, with her full knowledge as to their source. The bill asked that she make restitution to the corporation. Although several further steps were taken, the case never reached trial or adjudication on the merits. Two years later, the law partner of appellant's attorney in the proceeding filed an appearance for the corporation, and the prothonotary made the following entry on the docket: "By Order of Plaintiff's Attorney filed, this suit is settled, discontinued and ended. 12/29/1936." The corporation had ceased to do business, and in January, 1937, its charter was declared void by proclamation of the Governor of New Jersey. In July of that year, appellee, another shareholder, filed this bill against Anna S. Emmett, joining the latter's brother and the corporation as respondents. The same allegations were made as in the preceding bill, with the additional averment that the present suit was not brought in the name of the corporation because it had become inactive, and because respondents, who controlled it, would not permit the use of its name. Restitution to the corporation was asked, or, in the alternative, direct relief to appellee. Appellant filed an answer pleading res judicata, settlement and other matters.

After a hearing, the chancellor found that the order to mark the case "settled, discontinued and ended" was not authorized by the corporation, and that the alleged settlement agreement was, in fact, merely the purchase of Apt's shares by appellant, terminating his interest in the proceeding and giving appellant control of all the shares outstanding with the exception of those held by appellee. Upon these findings the chancellor ruled that appellee was not barred by the earlier proceeding, and decreed that, in view of the defunct character of the corporation and the control of the remaining shares by appellant, the latter should pay directly to appellee the amount to which she would be entitled if payment

were made to the corporation and redistributed to the shareholders.

The only questions presented by appellant are whether the action was barred by the former suit and whether it was proper to order payment directly to appellee.

It is unnecessary for the purposes of this appeal to determine the exact position of Apt and the corporation in the former suit. We could hold the first proceeding properly instituted by the corporation at the instance of Apt as shareholder, but there was ample evidence to indicate that, while suit was brought in the corporate name, the purpose was solely to protect that shareholder's individual interest. Whether or not it be termed a shareholders' bill, we are merely interested in the manner and effect of its termination. There is nothing in the record that sets up a bar to a new suit by either the corporation or a shareholder in a representative capacity. Generally speaking, a suit by the corporation conclusively bars a shareholder's right of action in a representative capacity, but where fraud, collusion or over-reaching by litigants is shown, a contrary rule will be enforced.

Although appellant relied on the doctrine of res judicata, citing numerous cases thereon, and although it has been incorrectly said that the entry "settled, discontinued and ended" makes a case res judicata,* she admits that the doctrine is inapplicable here because no decree on the merits was ever reached in the earlier suit. The rule of res judicata is clearly stated in *Wallace's Estate,* 316 Pa. 148, 153.

Appellant's argument is that the entry on the record indicates a settlement forever ending the cause of action, on that or any other suit, and that it cannot be attacked in another proceeding. No judicial approval of the settlement is indicated. A discontinuance itself

---

*Boroffio v. Knight,* 76 Pitts. L. J. 567; 5 Stand. Pa. Prac. page 22, note 5(a).

is not a bar to a subsequent suit: *Lowry v. McMillan*, 8 Pa. 157; *Lindsay v. Dutton*, 217 Pa. 148. On the other hand, a pending legal claim may be compromised or settled by a valid contract of settlement, and in such case the right of action is merged in the agreement of settlement. If such an agreement accompanies a discontinuance, of course the claim is thereafter barred and a new action thereon cannot be maintained. See *Lowry v. McMillan*, 8 Pa. 157, 163; *Phillips v. Israel*, 10 S. & R. 391, 392.

While the marking of a suit "settled, discontinued and ended," without any judgment on the merits, may for many purposes be conclusive as between all parties directly interested, it does not have the effect of res judicata as to parties interested who are in no way brought into the case. The entry at best is merely evidence of a settlement which, if validly made, would terminate that cause of action.

But a settlement, like any other agreement, to be enforceable, must possess all of the elements of a valid contract, and like any other agreement it may be attacked for want of authority or consideration, or on equitable grounds warranting that it be set aside. *Township of North Whitehall v. Keller*, 100 Pa. 105; *Good v. Grit Publishing Co.*, 214 Pa. 614; *Berg et al. v. Cypher*, 291 Pa. 276, 281. In *Schmitt v. Cook*, 65 Pa. Superior Ct. 51, the Court said: "When parties have settled a case, and the plaintiff has agreed to discontinue, the court will not allow him to recede from his contract, but will hold him to it *if the agreement is such as the court should lend its aid to enforce.*" In *Hoge v. Hoge*, 1 Watts 163, 217, this Court held that, where a plaintiff has settled or released a claim, and the defendant knew of or participated in fraud or impropriety in connection with that settlement, it is not binding.

Not only was there ample evidence to sustain the finding that the money paid by appellant to Apt was solely to buy his interest in the corporation, but the

circumstances are strongly indicative of collusion to deprive appellee of her rights. Such a settlement should certainly not receive a chancellor's approval.

The entry upon the docket does not give the settlement conclusive force; it is merely evidentiary, and like other admissions of record in prior suits, should be received subject to an opportunity to explain it away as unauthorized, unintended or unenforceable. Ordinarily, the proper procedure would be to go into the court where the case was listed and have the record cleared by expunging the entry, not to attack it in a subsequent proceeding. *Phillips v. Israel,* 10 S. & R. 391, 392. The court in which the record is held has full control of it, and may strike therefrom matters improperly entered. Such course would avoid the expense and trouble incident to a new proceeding, and enable the parties to proceed with the same case. There is no reason why a shareholder, seeking in a representative capacity to prosecute a corporate claim, collusively or improperly discontinued or settled by corporate officers, should not intervene in the original suit under Equity Rule 25. See *Franklin National Bank et al. v. Kennerly Coal & Coke Co.,* 300 Pa. 479, 483, where a shareholder was allowed to intervene in a proceeding already begun. See also *Consolidated National Bank v. McManus,* 217 Pa. 190, 192.

We do not condemn appellee for not following this course. It is a question of practice involving no substantive rights; no one is harmed by it, and the circumstances of the first suit were certainly very questionable. Moreover, by having the present case transferred to the court where the first case was lodged, the same court entertained the attack on the entry. No useful purpose can now be served by compelling appellee to abandon the present proceeding and reopen the original one.

Ordinarily it is improper for a court to order a payment due to a corporation to be made directly to a share-

holder where the corporation is, or can be, a party. The proper procedure is to have payment made to the corporate treasury, for distribution therefrom, since the conversion of corporate property is an injury to the corporation and not directly to the individual shareholders: *Beeber v. Wilson,* 285 Pa. 312. But there are circumstances here which distinguish the Beeber case. No rights of third persons are involved. All the shares are owned or controlled by the parties to this litigation. The corporation is no longer in business, and its charter has been declared void. Under these conditions no advantage can be gained by going through the form of payment, first, into the corporate treasury, and then of distribution to the individual shareholders. Certainly appellant should not complain, for she would thus be required to advance the full amount of the claim, and then proceed herself against the corporation for the proportion represented by her shares.

This Court has on several occasions allowed shareholders to recover directly for their proportion of a corporate claim where the corporation has been liquidated or dissolved, or is defunct. In *Bailey's Appeal,* 96 Pa. 253, the defendants unlawfully obtained the assets of a corporation which had been improperly dissolved. The plaintiff represented only a proportion of the shares and yet was allowed to maintain a bill in equity requiring an accounting for his share of the assets. In *Commonwealth Title Ins. & Tr. Co. v. Seltzer,* 227 Pa. 410, where the corporation had practically been liquidated, shareholders were allowed to recover their proportionate share of funds wrongfully withheld from the corporation. The Court said at page 419: "No fault can justifiably be found by any of the parties to this cause with the method pursued by the trial judge in arriving at the amount of the profits as stated in the adjudication, or with his distribution thereof." More recently, in *Bailey et al. v. Jacobs,* 325 Pa. 187, this Court held it unnecessary that funds owing to a

defunct corporation be paid first into the treasury and then redistributed. The Court allowed shareholders to recover their proportion directly. The present case clearly comes under this class of cases rather than the Beeber case.

Decree affirmed at appellant's cost.