## Kowalczyk v. Restauri

*Albert Feczko,* for plaintiff.

*Loughran & Loughran,* for defendant.

McCORMICK, J., December 10, 1973.—This matter is before the court en banc by virtue of defendant's motion for judgment on the pleadings.

The facts, briefly stated, are as follows:

On the second day of July, 1971, plaintiff, Walter J. Kowalczyk, and defendant, Roger John Restauri, were involved in an automobile accident wherein de-

fendant Restauri filed an action in trespass at July term, 1971, no. 416, in the Court of Common Pleas, Civil Division, Westmoreland County, Pa., against Walter J. Kowalczyk, plaintiff herein, and his wife, Leona Kowalczyk. Said action in trespass alleged that plaintiff herein, Kowalczyk, was negligent in the operation of his motor vehicle, and claimed damages of defendant Kowalczyk in the amount of $375.74. Plaintiff herein was served with said complaint by the sheriff of Cambria County. Subsequent to said service, the insurance carrier of plaintiff herein, paid to defendant herein the amount of $375.74 in full settlement of said action. On September 27, 1971, the docket at July term, 1971, no. 416, was marked "settled, discontinued and ended."

Plaintiff herein then commenced a law suit at October term, 1972, no. 429, in the Court of Common Pleas, Civil Division, Westmoreland County, Pa., against defendant Restauri claiming property damages in the amount of $576.73.

Defendant herein has filed a motion for judgment on the pleadings, which motion is now before this court.

It is defendant's contention that the action in trespass instituted at October term, 1972, no. 429, by plaintiff should be dismissed because the prior action instituted by defendant herein against plaintiff at July term, 1971, no. 416, and the subsequent marking of the docket "settled, discontinued and ended" has the effect of estoppel.

Defendant cites the case of Sale v. Ambler, 335 Pa. 165, which, in effect, states that a pending legal claim may be compromised or settled by a valid contract of settlement, and in such case the right of action is merged in the agreement of settlement. If such an agreement accompanies a discontinuance, of course

the claim is thereafter barred and a new action thereon cannot be maintained. It further states that this is so because the payment on account of settlement of plaintiff's damages carries with it an implied admission of liability.

While this court may be in agreement with the reasoning as set forth in the case of Sale v. Ambler, this court must be cognizant of the Act of July 31, 1968, P. L. 936, as appears in 12 PS §2089.12, which states as follows:

"Settlement with or any payment made to a person or on his behalf to others for damages to or destruction of property shall not constitute an admission of liability by the person making the payment or on whose behalf the payment is made, unless the parties to such settlement or payment agree to the contrary."

This statute was promulgated long after the court's reasoning in Sale v. Ambler and, therefore, must take precedence over the reasoning of the court in that case.

The court is in sympathy with defendant's contention that if plaintiff herein had a claim for damages against him, he should have raised the question by way of counterclaim. However, by the aforementioned statute any settlement would not be an admission of liability, nor could it constitute a basis for the collateral estoppel; therefore, defendant's motion for judgment on the pleadings must fail.

We, therefore, enter the following

### DECREE

And now, to wit, December 10, 1973, it is hereby ordered, adjudged and decreed that defendant's motion for judgment on the pleadings is hereby denied and dismissed.