## Anderson v. Anderson.

*Divorce—Jurisdiction, C. P.—Libel filed in county of respondent's residence—Act of April 26, 1905.*

1. Under the Act of April 26, 1905, P. L. 309, where the libellant resided in Bucks County when the desertion occurred and the respondent resided in Philadelphia, the courts of Philadelphia County have jurisdiction.

2. In such case, the jurisdiction of the courts of Philadelphia County under the Act of 1905 is concurrent with that of the courts of Bucks County under the Act of March 13, 1815, P. L. 150.

3. Whether the desertion occurred in Philadelphia or Bucks will depend on whether respondent's desertion began with her refusal to rejoin her husband in Bucks County while she herself was living in Philadelphia, or whether, while both were living in Philadelphia, she formed a clear intention to desert, which intent was carried out by leaving her husband in Philadelphia.

Libel in divorce. Rule to dismiss libel. C. P. No. 2, Phila. Co., June T., 1925, No. 841.

*Frank B. Stockley,* for libellant; *Clinton A. Sowers,* for respondent.

LEWIS, J., May 17, 1926.—The respondent has filed this petition to have the libel dismissed solely on the ground that it avers the residence of libellant at the time of filing to be in Neshaminy, Bucks County; respondent's position is that "the libellant in a divorce action *a. v. m.* must live in the county of the court to which he presents the libel and if he does not, the court is without jurisdiction."

It is true that by the provisions of the Act of March 13, 1815, § 2, P. L. 150, a libel must ordinarily be presented to the Court of Common Pleas of the county wherein the injured party resides, and the provisions of that act have not been abrogated by the Act of May 9, 1913, P. L. 191, which gives jurisdiction to the Courts of Common Pleas of all cases in divorce when the libellant shall have resided in the Commonwealth for one year previous to the filing of the libel: Mauser *v.* Mauser, 59 Pa. Superior Ct. 275.

The position of respondent, however, entirely overlooks the Act of April 26, 1905, P. L. 309, which provides as follows: "That where a husband and wife shall be resident in different counties of this Commonwealth, and while they are so severally resident a cause of divorce shall arise, the injured husband

or wife may, at his or her option, institute and prosecute proceedings in divorce either in the county of his or her own residence or in the county wherein the offending husband or wife shall be resident and the cause of divorce shall have arisen."

In his answer to respondent's petition, libellant avers that "when the cause of action in this case arose he was a resident of Neshaminy, Bucks County, Pennsylvania, and the respondent was a resident of Philadelphia, Pennsylvania." And in further explanation of this statement, libellant avers that "in the latter part of February, 1922, he established a residence in Neshaminy, Bucks County, Pennsylvania, while his wife, the respondent, was a resident of Philadelphia, and thereafter requested his wife on many occasions to come to Neshaminy and make her abode with him, but she always refused to do so, and, finally, in October, 1923, he demanded that she come and she still refused, and has continued in such refusal to this date."

The rule coming before us on petition and answer only, we are bound to accept the averments of the latter as true: Good v. Grit Pub. Co., 214 Pa. 614. Do the facts as averred bring the case within the provisions of the Act of 1905? That act requires (1) that the husband and wife should reside in different counties at the time "a cause of divorce shall arise," and (2) that the cause of action shall have arisen in the county wherein the respondent resides at the time of the filing of the libel. The libellant here avers the presence of the first requirement, and with no testimony before us as to the circumstances under which the libellant took up a residence in Neshaminy, Bucks County, while the respondent remained in Philadelphia, we are not in a position to say the averment is not true. If it should appear later that the desertion actually occurred while the parties were living together in Philadelphia County, that is, at the time libellant set out for Bucks County, the present action is clearly not maintainable, for the cause of action then arose while the parties were living in the same county: Ashton v. Ashton, 21 Dist. R. 611; Eicher v. Eicher, 25 Dist. R. 972, 44 Pa. C. C. Reps. 437; Cunningham v. Cunningham, 1 D. & C. 60, 50 Pa. C. C. Reps. 286.

If the desertion did not take place at the time libellant left Philadelphia to establish his residence in Bucks County, but occurred at a later time by virtue of respondent's refusal to comply with libellant's demand to rejoin him in the latter county, did the cause of divorce arise in Bucks County (where the libellant resided) or in Philadelphia (where the respondent resided)? This raises an interesting question, the answer to which is not free from doubt, but here again we are at a disadvantage in not having the facts and circumstances in evidence. If it can be shown that respondent actually formed the intention in Philadelphia County to desert libellant, or if facts are shown from which the intent will be inferred, and respondent, while here, carried out that intent, we are inclined to the view the cause of divorce arose here, and thus the provisions of the Act of 1905 would be fully met.

In nearly all of the cases in which the application of the Act of 1905 has been discussed testimony had been taken. Here we have nothing but the averments of the petition and answer, some of which are perhaps conclusions of law. The only proper course, under such circumstances, is to discharge the rule at the present time, without prejudice to the rights of the respondent to again raise the question after the evidence is in the record. If libellant desired to be certain of the court's jurisdiction before proceeding with the taking of testimony, he should have filed his libel in Bucks County where, under his averments, he could have maintained the action without doubt.

And now, May 17, 1926, rule discharged without prejudice, as above stated.