## Hagan v. Hagan.

*High, Dettra & Swartz,* for libellant.

WILLIAMS, P. J.—No exception having been filed to the report of the master, the sole question for consideration is: Has this court jurisdiction to grant the decree prayed in the libel?

The salient facts touching the residence of the libellant and respondent are briefly these:

On the twenty-ninth day of August, 1925, while the libellant and respondent were domiciled at No. 713 Haverford Road, in the village of Bryn Mawr, Lower Merion Township, this county, the respondent quit the common home and removed to Roslyn, Long Island, New York, where, so far as the testimony reveals, she resides now. On or about the twenty-ninth day of the next November, the libellant took up his residence on Tunbridge Road, in the village of Haverford, Delaware County, this State, where he was residing when he filed his libel representing himself to be a resident of this county. At the date of the hearing before the master, the libellant was still residing in Delaware County.

In the important matter of the dissolution of the marital bonds existing between two members of society, the public has such an interest that the court before which their divorce suit is pending is bound at any and every stage of the action to take cognizance of want of jurisdiction. The question of juris-

diction is of great interest, also, to the parties and their progeny, if any. For these and other reasons, the able report of the master and the excellent briefs filed on behalf of the libellant have received careful consideration.

Since there is no common law of divorce in Pennsylvania, recourse must be had to statute for power to grant divorces: Starr v. Starr, 78 Pa. Superior Ct. 579, 584 (1922). The Act of March 13, 1815, P. L. 150, Section Two (2), P. L. 151, says that "if any person hath been or shall be injured as aforesaid, the husband, in his own proper person, or the wife, by her next friend, may exhibit his or her petition or libel to the judges of the Court of Common Pleas of the proper county where the injured party resides. . . ." Hence, the specific inquiry here presented for solution is whether Montgomery or Delaware was the "proper county" for the libellant to exhibit his petition. Clearly, Delaware was the proper county, for, indisputably, it was the county wherein the libellant was resident at the time he presented his petition to the judges of this court.

The above in part quoted section of the Act of March 13, 1815, *supra,* is mandatory and not directory: Chiumento v. Chiumento, 34 Pa. C. C. Reps. 320 (1908), Hall, P. J. (Clinton County). The libellant must present his petition to the judges of the Court of Common Pleas of the county in which he resides. The court of any other county is without jurisdiction: Sherwood's Appeal, 17 W. N. C. 338 (1886), 4 Atl. Repr. 455. In Heath v. Heath, 44 Pa. Superior Ct. 118 (1910), Judge Porter wrote, page 122: "Section Two of the Act of March 13, 1815, requires that the libel be exhibited 'to the judges of the Court of Common Pleas of the proper county where the injured party resides.' There can be no question as to the time when this jurisdictional fact of residence is to be determined; the party must reside within the county at the time the libel is presented, when he or she seeks to obtain a divorce from a respondent who has no residence within this Commonwealth."

The Act of May 9, 1913, P. L. 191, does not abrogate the requirement of Section Two, *supra,* that a libel in divorce shall be exhibited in the county where the injured party resides: Mauser v. Mauser, 59 Pa. Superior Ct. 275 (1915), Rice, P. J., pages 281-3. Although the Act of June 1, 1915, P. L. 674-6, amended Section Two of the Act of 1815, *supra,* the amendatory statute retained the original provision that the libel must be exhibited "to the judges of the Court of Common Pleas of the proper county where the injured party resides. . . ." Likewise, the Act of May 8, 1919, P. L. 164-7, amending Section Two, *supra,* required the presentation of the libel in "the proper county where the injured party resides. . . ." Thus, it is seen that during a period of over a century the legislature has inserted in the general system of laws relating to divorce the familiar rule that the proper forum of exhibition of libel is the county in which the injured party resides.

With great insistence, however, the libellant contends his case falls within the purview of the Act of April 26, 1905, P. L. 309-10, the first section of which provides that "where a husband and wife shall be resident in different counties of this Commonwealth, and while they are so severally resident a cause of divorce shall arise, the injured husband or wife may, at his or her option, institute and prosecute proceedings in divorce either in the county of his or her own residence or in the county wherein the offending husband or wife shall be resident and the cause of divorce shall have arisen: Provided, that whenever an action in divorce shall be instituted under the provisions of this act, in a county wherein the respondent is resident, the same being a different county from that in which the libellant resides, personal service of the subpoena in divorce shall be had upon the respondent, if he or she can be

found within said county; otherwise, service by advertisement in that county shall be had, in the manner now provided by law."

Unfortunately for the libellant, his resort to the Act of April 26, 1905, *supra,* is confronted with two difficulties; first, the cause of divorce did not arise while he and his wife were "severally resident" "in different counties;" and, second, the respondent was not "resident" in Montgomery County when her husband exhibited his petition in this forum.

The libellant urges the cause of divorce upon which his libel is based did not arise until the twenty-ninth day of August, 1927; that is, exactly two years after the respondent had left the common home in Bryn Mawr and when the libellant not only was but for more than a year had been a resident of Haverford. In effect, the husband says: "When the cause of divorce arose, I was actually residing at my new home in Delaware County and my wife was constructively residing at my old home in Montgomery County." With such contention there cannot be judicial agreement, for, in law, the cause of divorce arose on this twenty-ninth day of August, 1925, when wilfully and maliciously and without reasonable cause the respondent withdrew from the family habitation, such act of withdrawing giving rise at once both to a cause of divorce and to an inchoate cause of action in divorce.

If a cause of divorce on the ground of desertion persist six (6) months, Pennsylvania statutes allow the start of an action. If the cause of divorce persist eighteen (18) months longer, our acts of assembly permit the absolute dissolution of the marriage bond. The cause of action—inchoate at the outset—matures if the cause of divorce persist two (2) years in all. The distinction drawn between a cause of divorce and the thereon cause of action is recognized by the Act of April 26, 1850, P. L. 590-1, which declares that application for divorce may be made by petition or libel to the proper court, "at any time not less than six (6) months after such cause of divorce shall have taken place"—language recognizing in the plainest possible way that the cause of divorce occurs when the respondent wilfully and maliciously and without reasonable cause deserts the habitation of the libellant. The language recognizes, also, the existence of an inchoate cause of action at least six (6) months after the beginning of the separation. When the cause of divorce arose in the present case, all the testimony points to a joint residence of the libellant and respondent in Montgomery County.

The second obstacle in the path of the effort of the libellant to draw his suit within the scope of the Act of April 26, 1905, *supra,* is as insuperable as the first. The statute reads that the injured party may institute proceedings in the county wherein "the offending . . . wife shall be resident," . . . and, further, "in a county wherein the respondent is resident."

Undoubtedly, the legislature contemplated a situation in which the respondent should be actually living and resident in a different county from the libellant when he instituted proceedings, such different county being, of course, the county in which the cause of divorce had arisen. When the libellant began his suit in Montgomery County, for nearly two (2) years the respondent had been living in the State of New York. If, on the twelfth day of September, 1927, the date of the filing of the libel, the respondent had a constructive legal residence in this Commonwealth—a point not decided—surely such residence was not at the Montgomery County home long since abandoned by her but at the new domicile of her husband in Delaware County. Consistently, the word "residence" as used in a divorce statute has been taken to mean actual *bona fide* residence with domiciliary intent. On September 12, 1927, the respondent had been physically out of this State and the libellant had been legally absent

14

from this county for upwards of two (2) years. How, then, can it be argued cogently that when the libel was filed the respondent still possessed an actual *bona fide* residence in this county where she expected honestly to keep on living?

The mere fact that, since the hearing before the master and the submission of his report, there has been placed in his hands an affidavit purporting to be that of the respondent, a procedure for which, incidentally, no provision is made by statute or rule of court, does not cure the jurisdictional defect heretofore discussed. As stated hitherto, jurisdiction in divorce is statutory in origin and mandatory in nature. Conceding for argument—although not deciding—that the jurisdictional defect at bar be curable, the respondent should have proceeded timely and in accord with law.

And now, this thirteenth day of November, 1928, upon consideration of the foregoing case, it is ordered, adjudged and decreed as follows:

The recommendation of the master is adopted and his report is confirmed absolutely, the prayer of the libel is denied, the libellant is refused a divorce and for want of jurisdiction, the libel is dismissed, at the cost of the libellant.

From Aaron S. Swartz, Jr., Norristown, Pa.